**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BOOTA SINGH SAMRA,

No. 23-1504

Petitioner,

Agency No.
A077-432-096

v.

MERRICK B. GARLAND, Attorney
General,

MEMORANDUM[*]

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 19, 2024
San Francisco, California

Before: M. SMITH, BENNETT, and JOHNSTONE, Circuit Judges.

Boota Singh Samra, a native and citizen of India, petitions for review of a

decision from the Board of Immigration Appeals ("BIA") dismissing his appeal

from several orders of an immigration judge ("IJ") (collectively, the "Agency").

We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

In 2000, an IJ granted Samra's first asylum application. In 2003, the

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Department of Homeland Security ("DHS") investigated Samra's former law firm for filing fraudulent asylum applications. In 2009, members of that law firm were convicted of filing such applications. DHS then moved to reopen Samra's asylum proceeding to terminate his asylee status. The IJ granted the motion to reopen and terminated Samra's asylee status. Samra then filed a new asylum application, which the IJ denied under 8 U.S.C. § 1158(d)(6).

We review the Agency's decision on a motion to reopen for abuse of discretion. *See I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992). In reviewing a decision terminating a noncitizen's asylee status or denying an asylum application under 8 U.S.C. § 1158(d)(6), we review factual findings for substantial evidence and legal conclusions de novo. *See Grigoryan v. Barr*, 959 F.3d 1233, 1239 (9th Cir. 2020); *Udo v. Garland*, 32 F.4th 1198, 1202 (9th Cir. 2022).

1. The Agency did not abuse its discretion in granting DHS's motion to reopen. An IJ may not grant a motion to reopen "unless the [IJ] is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3). Evidence is only available to the moving party if it was "reasonably available" at the time of the original proceeding; "[i]t is not sufficient that the evidence physically existed in the world at large." *Oyeniran v. Holder*, 672 F.3d 800, 808 (9th Cir. 2012). Here, the IJ granted DHS's motion to reopen, finding that the

2                                                    23-1504

evidence offered by DHS "was not previously available as it was only uncovered after [Immigration and Customs Enforcement] began its investigation into" Samra's former law firm. The BIA "affirm[ed] that it was proper to grant DHS's motion to reopen for the reasons stated by the" IJ.[1] The Agency's finding is supported by substantial evidence. *Oyeniran*, 672 F.3d at 808.

2.  Substantial evidence supports the Agency's finding that Samra's 1999 asylum application was fraudulent, which supports both the Agency's decisions to terminate Samra's asylee status and to deny Samra's subsequent asylum application under 8 U.S.C. § 1158(d)(6).[2] Viewed as a whole, the record supports the Agency's factual finding because we are not "compelled to conclude to the contrary." *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023) (quoting *Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021)).

---

[1] Although the Government did not raise forfeiture before the BIA, the BIA also held that Samra forfeited his argument that the evidence was available in 1999 by failing to raise it to the IJ. Because we conclude that substantial evidence supported the Agency's finding that the evidence was not available in 1999, we do not reach the BIA's forfeiture finding. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976).

[2] In his petition for review, Samra argues for the first time that he did not receive adequate notice of the consequences of filing a frivolous application or an opportunity to explain any issues with his former application as required under *Matter of Y-L-*, 24 I. & N. Dec. 151 (B.I.A. 2007). In his brief to the BIA, Samra conceded he received both notice and an opportunity to explain. Accordingly, because Samra did not raise these challenges before the BIA, they are not exhausted, and we will not consider them. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

The BIA erroneously concluded it could rely solely on an unsigned and uncertified report of investigation without addressing the credibility of the DHS investigator who participated in the investigation.[3] *See Grigoryan*, 959 F.3d at 1240. Nonetheless, the error was harmless because the investigator testified and the IJ's finding that his testimony was credible is supported by substantial evidence. *See Hernandez v. Garland*, 52 F.4th 757, 766 (9th Cir. 2022). The IJ relied on permissible factors in finding the investigator credible, including that his answers were "candid and responsive" and that his testimony was "plausible" and "internally consistent." *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Thus, substantial evidence supports the Agency's finding that the medical letter submitted with Samra's original application was fraudulent. As to the other evidence in the record, Samra merely asks us to reweigh the evidence in his favor. Under substantial evidence, we cannot do so. *See Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007).

**PETITION DENIED**.

---

[3] For the first time before this Court, Samra argues that the report was not properly authenticated and thus inadmissible. Although Samra is correct that unauthenticated evidence is not admissible, *see Smith v. Garland*, 103 F.4th 663, 667 (9th Cir. 2024), Samra failed to exhaust this challenge before the BIA and we do not consider it, *Umana-Escobar*, 69 F.4th at 550.